USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _7/29/2016_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
          :
JUAN PABLO VASQUEZ MARTINEZ,  :
*individually and on behalf of all other similarly*  :
*situated*,         :
          Plaintiffs,  :    15-CV-6642 (VSB)
         :
      -v-      :      ORDER
         :
ART OF MAC, INC.     :
*Jointly and severally*    :
*doing business as*     :
County Restaurant, et al.   :
         :
        Defendants.  :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Doc. 31.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). For the reasons stated herein, I find that the settlement of the parties is fair and reasonable and therefore approve it.

      To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the

product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Beckert v. Rubinov*, No. 15-CV-1951, 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015).  Where, as here, a settlement agreement includes a provision for attorney's fees, I must "separately assess the reasonableness of plaintiffs' attorney's fees . . . ." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).  In order to aid in this determination, "counsel must submit evidence providing a factual basis for the award [of attorney's fees]." *Beckert*, 2015 WL 6503832, at *2 (quoting *Wolinsky*, 900 F. Supp. 2d at 336) (internal quotation mark omitted).

Pursuant to my Order of May 4, 2016, (Doc. 33), the parties have submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable.  I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate.  I believe that they are and therefore approve the settlement agreement of the parties.

I first consider the settlement amount and the range of possible recovery by Plaintiff.  The agreement provides for a settlement payment of $8,000.00 to Plaintiff, inclusive of attorney's fees and expenses.  (Set. Ag. at 2.)[1]  Based on the allegations made in the Complaint, this appears to be far less than Plaintiff would be entitled to under the FLSA and New York Labor Law.  However, the parties represented to me in their June 17, 2016 letter that the Defendant restaurant closed in April 2016[2] due to financial hardship.  (Joint Let. at 1.)[3]  Therefore, even if Plaintiff could achieve a larger judgment at trial, it is unlikely he would be able to collect on it.  Further, achieving such a

---

[1] "Set. Ag." refers to the parties' Settlement Agreement, which was attached as an Exhibit to the parties' June 17, 2016 joint letter to the Court.  (Doc. 36.)
[2] The parties' letter states that the restaurant closed in April 2015, but they confirmed to my chambers over email that this was a typographical error and that the restaurant actually closed in April 2016.
[3] "Joint Let." refers to the parties' June 17, 2016 joint letter to the Court.  (Doc. 36.)

judgment would require that Plaintiff (1) undertake significant work, (2) endure litigation risks, (3) incur the costs of continued litigation, and (4) be completely successful at trial.  Additionally, Defendants strongly dispute the hours Plaintiff claims he worked and argue Plaintiff may well have been exempt from overtime as the head chef.  (*Id.* at 2.)  Rather than having to go through a prolonged litigation with uncertain recovery, the result here provides Plaintiff with a guaranteed amount immediately upon my approval of the settlement.  These factors all militate in favor of settlement of this case.  Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement, and it appears to have been the result of arms-length negotiation between experienced counsel.  Based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreement appears to be a fair and reasonable resolution of this dispute.

      I next consider the attorney's fees contemplated in the settlement agreement.  The attorney's fees sought are $3,362.22, with an additional $695.55 in costs.  (*Id.* at 2.)  The attorney's fees represent approximately one-third of the total $8,000.00 settlement amount, and Plaintiff's counsel has submitted documentation suggesting that the lodestar figure here would be $10,829.17 based on 40.4 hours of attorney work.  Courts in this district regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.  *See, e.g.*, *Gaspar v. Personal Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District.").  Plaintiff's counsel has submitted billing records reflecting the number of hours the firm expended and the hourly rates used to calculate the lodestar, but these hourly rates are above the rates traditionally used to calculate fees in FLSA cases in this district—the rates submitted by Plaintiff's counsel include an average of $250/hour for associate work, $375/hour for partner work, and $150/hour for paralegal work.  *See, e.g.*, *Jimenez v. KLB Foods, Inc.*, No. 12-CV-6796, 2015 WL 3947273, at *3 (S.D.N.Y. June 29, 2015) (approving a rate

of $100/hour for paralegal work); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507-08 (S.D.N.Y. 2012) (awarding fees to Plaintiffs' counsel's firm at rates of $175/hour for associate work and $350/hour for partner work); *Wong v. Hunda Glass Corp.*, No. 09-CV-4402, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (approving a rate of $350/hour for attorneys with 12-years' experience).  However, substitution of the rates typically used to calculate fees in FLSA cases for the rates used by Plaintiffs' counsel—$100/hour for paralegal work, $175/hour for associate work, and $350/hour for partner work—would still yield a lodestar of approximately $7,587.00.  Given that this figure is still more than double the fees requested in this case, Plaintiff's counsel's fee award is fair compensation for the work put into this case.  Based on this analysis, I find the attorney's fees contemplated in the settlement agreement to be fair and reasonable.

      The settlement agreement of the parties is hereby APPROVED.

      SO ORDERED.

Dated:     July 29, 2016
             New York, New York

Vernon S. Broderick
United States District Judge